# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2648

———————

Robert L. Smith,             *

                    *

        Appellant,    *

                    *   Appeal from the United States

    v.               *   District Court for the Western

                    *   District of Arkansas.

Michael J. Astrue, Commissioner  *

Social Security Administration,    *   [UNPUBLISHED]

                    *

        Appellee.     *

———————

Submitted: February 28, 2012
Filed: March 5, 2012

———————

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Robert L. Smith appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Upon de novo review, see Partee v. Astrue, 638 F.3d 860, 863 (8th Cir. 2011), we find that the decision of the administrative law judge (ALJ) is supported by substantial evidence on the record as a whole. Specifically, we defer to the ALJ's credibility

---

[1]The Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

determination, because it was based on multiple valid reasons, see Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008); we conclude that neuropsychologist Vann Smith's opinion concerning claimant Smith's mental residual functional capacity (RFC) was properly discounted, see Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007) (consulting physician's opinion deserves no special weight); cf. Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) (treating physician's own inconsistency may diminish or eliminate weight accorded to his opinion); and we find that the ALJ's findings as to Smith's physical RFC were proper, see Jones v. Astrue, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determinating RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations; RFC determination must be supported by some medical evidence).  The district court is affirmed, and we deny Smith's motion to supplement the record.

———————————————